**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

J.T.,                                          :
                                               :
              Petitioner,                      :
                                               :
v.                                             :        Case No. 4:26-cv-213-CDL-AGH
                                               :              28 U.S.C. § 2241
Warden, STEWART DETENTION                      :
CENTER, *et al.*,                              :
                                               :
              Respondents.                     :
_____

## ORDER

On February 5, 2026, Mia Cristal Guzman Tapia filed an application for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) on behalf of Petitioner in the United States District Court for the Middle District of Georgia. The petition is signed only by Tapia, who claims next friend standing due to Petitioner's "isolate[ion], psychological abuse[], and subject[ion] to coercion, rendering her unable to fully protect her own legal interests." Pet. 1, ECF No. 1. She identifies herself as Petitioner's daughter. *Id.*

There are two issues the Court must resolve prior to this action moving forward. For one, the Court requires more information regarding Guzman's next friend status. Someone acting as "next friend" may file a habeas petition on behalf of a person unable to seek relief herself. *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in

writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").  One prerequisite to such standing, however, is that the next friend "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action."  *Francis*,  246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).  While Tapia alleges certain adverse conditions of confinement suffered by Petitioner, she does not adequately explain why they would prevent Petitioner from litigating this matter on her behalf.  It is not uncommon for petitioners to suffer from isolating conditions of confinement, but such conditions do not render petitioners unable to represent themselves.  In addition, Tapia does not allege mental incapacity or language barriers that would prevent Petitioner from pursuing this matter on her own behalf.  Therefore, in order for this matter to proceed, Tapia must either provide additional information for why she should be allowed to proceed as next friend for Petitioner or the Court must receive an application for habeas relief signed by Petitioner personally.  The Clerk is directed to provide the appropriate form for this purpose.

In summary, Tapia must provide further information as to why she is entitled to next-friend status, or the Court must receive a habeas application signed by Petitioner.  Petitioner shall have twenty-one (21) days to comply with this order.  Failure to comply may result in dismissal of this action.

**SO ORDERED**, this 5th day of February, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

2